JANKS v. HERRICK HARDWARE CO.
et al. (No. 5895.)

(Court of Civil Appeals of Texas. Austin.
June 13, 1917. Rehearing Denied
Oct. 17, 1917.)

1. INFANTS ⬦114—JUDGMENT—DISABILITY—PLEADING.

The enforcement of a judgment will not be temporarily enjoined on the ground that at the time it was rendered the debtor was a minor under 21, did not appear in the case, and was not represented by a guardian appointed by any court, where the petition does not allege that at the time judgment was rendered the minor's disability had not been removed by a district judge, as authorized by statute.

2. INFANTS ⬦114—JUDGMENT—INJUNCTION AGAINST—PLEADING.

The enforcement of a judgment will not be temporarily enjoined on the ground that at the time it was rendered the debtor was a minor under 21, did not appear in the case, and was not represented by a guardian appointed by any court, where the petition does not show that the plaintiff now or ever owned any property, and therefore fails to show that any injury or damage will result to him by issuance of process upon the judgment before the trial of the injunction suit.

Appeal from McLennan County Court; Jas. P. Alexander, Judge.

Action by Lewis Janks against Herrick Hardware Company and another. From on order refusing a temporary injunction, plaintiff appeals. Affirmed.

Jno. L. Poulter, of Ft. Worth, for appellant. C. H. Machen and W. E. Lessing, both of Waco, for appellees.

KEY, C. J. Appellant, by his father acting as next friend, brought this suit seeking to set aside a judgment formerly rendered against him and in favor of appellees. He alleged that the judgment referred to was void and not binding upon him for the reason that at the time it was rendered he was a minor under the age of 21 years, and did not appear and answer in the case, and was not presented by a guardian appointed by any court.

In his petition appellant sought to have issued a temporary writ of injunction restraining appellees from having process issued to enforce the judgment referred to until trial of the case. The county judge to whom the petition was presented made an order refusing to grant a temporary writ of injunction, and it is from that order that this appeal is prosecuted.

We hold that the trial judge ruled correctly on account of two fatal defects in the plaintiff's petition.

[1] It alleged that the plaintiff was a minor under the age of 21 years, but it did not allege that his disability of minority had not been removed by a district judge, as authorized by statute. It alleged that, unless restraint from doing so, the defendant Herrick Hardware Company would cause the other defendant Baker, as clerk of the court below, to issue an order of sale, execution, or some other writ for the purpose of enforcing the former judgment, and that if any such writs were issued and enforced against the plaintiff he would suffer great and irreparable injury and damage.

In order to show that the judgment complained of was not binding upon appellant, it was necessary for him to allege and prove facts which would show that at the time the judgment was rendered he was laboring under the disability of minority. He may have been, as alleged in his petition, under the age of 21 years, and yet his disability as a minor may have been removed by a district court proceeding, and as the petition did not allege that no such removal had taken place, it failed to show that the judgment was not valid and binding upon him.

[2] Also the petition failed to show that unless the temporary restraining order was issued, any property right of the plaintiff would be affected. It did not allege that the plaintiff owned any property which could be seized and sold under an execution or order of sale issued upon the judgment referred to, and therefore it did not allege facts showing a necessity for a preliminary restraining order.

It is true the petition shows that the judgment complained of attempted to foreclose a chattel mortgage on certain personal property, but if that property belonged to appellant at the time the judgment was rendered against him, since that time he may have sold it and parted with all the title he had in it, and if so, the sale of it under process issued upon the judgment will result in no injury to him. In fact, the petition in this case does not allege that appellant owns now, or ever owned, that or any other property, and therefore it fails to show that any injury or damage will result to him by the issuance of process upon the judgment before the trial of the injunction suit. Hence, and for the reasons stated, we decline to disturb the order appealed from and enter judgment of affirmance.

Affirmed.

---

⬦For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes